IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANILA CHINTAGUNTA | § | |
| | § | |
| V. | § | CIVIL NO. 4:25-CV-806-P |
| | § | |
| JOHN PETER SMITH HOSPITAL, | § | |
| ET AL. | § | |

## ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT
### (with special instructions to the Clerk of the Court)

On July 29, 2025, *pro se* Plaintiff filed a Complaint [doc. 1] in which she listed two Defendants in the body of the Complaint. Later in the Complaint, she also referenced an additional 35 individuals. Then, on July 30, 2025, Plaintiff filed an "Updated defendant's list" [doc. 5] that against listed 35 individuals; however, two of the individuals were new and two on the original list were deleted. Thereafter, on July 30, 2025, Plaintiff filed an Amended Complaint [doc. 9] that did not separately list all of the Defendants. Thereafter, on August 7, 2025 Plaintiff filed an "Updated Defendants' List" [doc. 10], which referenced two Defendants—Texas College of Osteopathic Medicine and John Peter Smith Hospital and their corresponding contact information.

Federal Rule of Civil Procedure ("Rule") 8(a)(2) states:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction . . .;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or difference types of relief.

Fed. R. Civ. P. 8(a). In addition, a plaintiff must plead specific facts, not mere conclusory allegations, to avoid dismissal. *See Schultea v. Wood*, 47 F.3d 1427, 1431 (5th Cir. 1995) (en banc); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory

1

allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (internal quotations omitted)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's Amended Complaint does not meet the requirements of Rule 8. Consequently, Plaintiff must file a Second Amended Complaint that complies with the Rules as well as this the Local Rules for the United States District Court for the Northern District of Texas.

In addition, in the Second Amended Complaint, Plaintiff must **clearly specify each Defendant that she is suing, along with each Defendant's contact information, and indicate what claim(s) she is asserting against each Defendant**. In the future, Plaintiff will not be allowed to file an "Updated Defendants' List" as this information should be clearly set out in her Second Amended Complaint. Plaintiff is advised that once the form Second Amended Complaint with any attachment pages is filed, the Court will look **only** to that document and any attachment pages in reviewing her claims.[1]

Based on the foregoing, it is **ORDERED** that Plaintiff, **no later than August 26, 2025**, shall file a fully completed Second Amended Complaint form with any attachment pages in accordance with the terms of this Order. **Failure to timely file a Second Amended Complaint could result in the dismissal of this case without prejudice for lack of prosecution without further notice**.

---

[1] *See generally Clark v. Tarrant Cty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986) (finding that an amended complaint entirely supersedes and takes the place of an original pleading, rendering the original complaint of no legal effect); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985).

It is further **ORDERED** that the Clerk of Court shall send to Plaintiff the Court's complaint form (with this cause number and the words "Second Amended Complaint" written thereon).

SIGNED August 12, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE