IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANILA CHINTAGUNTA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. 4:25-CV-00806 |
| | § | |
| JOHN PETER SMITH HOSPITAL, | § | |
| ET AL. | § | |
| Defendants. | § | |

**DEFENDANTS TARRANT COUNTY HOSPITAL DISTRICT D/B/A JOHN PETER SMITH HOSPITAL AND DR. KAREN DUNCAN'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT**

**ROEL J. "JOEY" FABELA**
State Bar No. 24069691
Assistant Criminal District Attorney

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS
Tarrant County Criminal District Attorney's Office
1350 S. Main Street, Suite 1350
Fort Worth, Texas 76104
817-321-4841–Telephone /817-850-2327–Facsimile
E-Mail: rjfabela@tarrantcountytx.gov

**ATTORNEY FOR DEFENDANT
TARRANT COUNTY HOSPITAL DISTRICT
D/B/A JPS HEALTH NETWORK**

## **TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES ................................................................................................. iii

    I.   SUMMARY OF RELIEF REQUESTED ............................................................................1

    II.  MOTION TO DISMISS ......................................................................................................2

        A.   Factual and Procedural Background ...........................................................................2

        B.   Federal Rule of Civil Procedure 12(b) Grounds for Dismissal.....................................4

    III. BRIEF OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ............................4

        A.   Standards for Rule 12(b)(6) Motions ........................................................................... 4

        B.   Plaintiff has not alleged any claims against Dr. Duncan......................…………… 5

        C.   Standards for Section 1983 Municipal Liability……………………………………. 6

        D.   Plaintiff has not stated a Section 1983 claim against JPS……………………………7

            1.  Plaintiff has not pleaded an underlying constitutional violation……….………. .7

            2.  Plaintiff has failed to plead a municipal liability claim under *Monell*. ..................8

        E.   To the extent Plaintiff has attempted to assert a state law cause of action, ...............10
            the Court should either dismiss said claims or decline to exercise
            supplemental jurisdiction.

    IV.  CONCLUSION...................................................................................................................11

    Signature ....................................................................................................................................11

    Certificate of Service .................................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................... 4, 5, 6

*Baker v. McCollan*,
  443 U.S. 137 (1979) .......................................................................................................... 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................................................... 5

*City v. Tuttle*,
  471 U.S. 808 (1985) .......................................................................................................... 9

*Coghlan v. Wellcraft Marine Corp.*,
  240 F.3d 449 (5th Cir. 2001) .......................................................................................... 11

*Cornish v. Corr. Servs. Corp.*,
  402 F.3d 545 (5th Cir. 2005) ............................................................................................ 6

*Fraire v. City of Arlington*,
  957 F.2d 1268 (5th Cir. 1992) ..................................................................................... 7, 9

*Harmon v. City of Arlington, Tex.*,
  478 F. Supp. 3d 561 (2020) .............................................................................................. 4

*Monell v. Dept. of Soc. Servs.*,
  436 U.S. 658, 98 S. Ct. 2018 (1978) ........................................................................Passim

*Peterson v. City of Fort Worth*,
  588 F.3d 838 (5th Cir. 2009) ............................................................................................ 8

*Pineda v. City of Houston*,
  291 F.3d 325 (5th Cir. 2002) ....................................................................................... 7, 8

*Piotrowski v. City of Houston*,
  237 F.3d 567 (5th Cir. 2001) ........................................................................................Passim

*Rojero v. El Paso Cnty.*,
  226 F. Supp. 3d 768 (W.D. Tex. 2016) ................................................................................. 11

*Sonnier v. State Farm Mut. Auto. Ins. Co.*,
  509 F.3d 673 (5th Cir. 2007) ................................................................................................. 5

*Spiller v. City of Texas City*,
  130 F.3d 162 (5th Cir. 1997) ................................................................................................. 7

*Stern v. Tarrant Cnty. Hosp. Dist.*,
  565 F. Supp. 1440 (N.D. Tex. 1983) ..................................................................................... 6

*Stockman v. Fed. Election Comm'n*,
  138 F.3d 144 (5th Cir. 1998) ................................................................................................. 5

**Texas State Cases**

*Brown v. City of Houston*,
  8 S.W.3d 331(Tex. App.—Waco 1999, pet. denied) .......................................................... 10

*Donohue v. Butts*,
  516 S.W.3d 578 (Tex. App.—San Antonio 2017, no pet.) ................................................. 10

*Perez v. Webb County*,
  511 S.W.3d 233 (Tex. App.—San Antonio 2015, pet. denied)........................................... 10

*Tarrant Cnty Hosp. Dist. v. Dowdy*,
  2022 WL 714697 (Tex. App.—Fort Worth Mar. 10, 2022, pet. denied) ............................. 6

*Tarrant Cnty Hosp. Dist. v. Ray*,
  712 S.W.2d 271 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e) ...................................... 10

**Federal Statutes**

28 U.S.C. § 1367 ........................................................................................................................ 11

42 U.S.C. § 1983 ................................................................................................................ Passim

**Federal Rules**

Fed. R. Civ. P. 5 ........................................................................................................................ 21

Fed. R. Civ. P. 8 .......................................................................................................................... 6

Fed. R. Civ. P. 12 ............................................................................................................... Passim

**Texas Statutes**

Article 4494n of the Revised Civil Statutes ........................................................................ 6

Article IX, section 4 of the Texas Constitution ................................................................. 6

Tex. Civ. Prac. & Rem. Code § 101.021 ................................................................... 10, 11

Tex. Civ. Prac. & Rem. Code § 101.057 ......................................................................... 11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANILA CHINTAGUNTA, § | |
| § | |
| Plaintiff, § | |
| v.  § | CIVIL NO. 4:25-CV-00806 |
| § | |
| JOHN PETER SMITH HOSPITAL, § | |
| ET AL. § | |
| Defendants. § | |

**DEFENDANTS TARRANT COUNTY HOSPITAL DISTRICT D/B/A JOHN PETER SMITH HOSPITAL AND DR. KAREN DUNCAN'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE JEFFREY L. CURETON:

COMES NOW Defendants Tarrant County Hospital District d/b/a John Peter Smith Hospital ("**JPS**") and Dr. Karen Duncan's ("**Dr. Duncan**") (collectively, "**JPS Defendants**") and hereby file this their Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support. *See* FED. R. CIV. P. 12(b)(6).

### I. Summary of Relief Requested

Plaintiff Anila Chintagunta's ("**Plaintiff**") lawsuit against the JPS Defendants should be dismissed under Rule 12(b)(6). Regarding Dr. Duncan, Plaintiff has not alleged any claims or allegations related to Dr. Duncan and merely included her in the Complaint so that Plaintiff could serve JPS with the Complaint.

As to JPS, Plaintiff has failed to state a section 1983 claim. Specifically, she has not articulated facts describing how JPS violated her constitutional rights. Additionally, she has not pled the required *Monell* elements.

To the extent Plaintiff asserts any state law claim against JPS, such claims should also be dismissed because Plaintiff has not properly plead facts that would waive JPS's governmental immunity or alternatively, the Court should decline supplemental jurisdiction in the event it dismisses Plaintiff's federal claims.

## II. MOTION TO DISMISS

### A. Factual and Procedural Background

Plaintiff was a medical student at the University of North Texas Health Science Center - Texas College of Osteopathic Medicine ("**TCOM**"). (ECF No. 14). Plaintiff was involuntarily dismissed from TCOM without obtaining her degree. (ECF No. 14 PageID 132 – 134 at ¶¶ 38 – 63). Plaintiff had a difficult time as a medical student; specifically, failing electives and/or clinical rotations, having to take gap years, poor performance on tests, repeating clinical rotations, professionalism issues, and failing to get along with TCOM professors/administrators and residents and attending physicians during her clinical rotations. (*Id.* at PageID 130 – 134 at ¶¶ 4 – 6, 8 – 9, 12 – 17, 19 – 20, 27 – 28, 30, 36 – 37, 50, and 59 – 60).

In July 2023 and September 2024, while as a TCOM student, Plaintiff performed clinical rotations at JPS, including an ICU rotation. (*Id.* at PageID 134 – 137 at ¶¶ 1 – 57). Plaintiff had issues or problems with JPS or the individuals she interacted with at JPS. (*See id.*). There is a myriad of complaints that Plaintiff has with JPS; these include: providing feedback that Plaintiff disagreed with;[1] telling her she could not see a patient and not allowing her to handle confidential matters;[2] criticizing her attendance, note taking, medical knowledge, aptitude, and attitude;[3] not responding after she said hi multiple times;[4] touching her shoulders, wrists, hands, arms, and upper

---

[1] (ECF No. 14 at PageID 134 at ¶¶ 1 – 2).
[2] (*Id.* at PageID 134 at ¶¶ 5 – 6).
[3] (*See id.* at PageID 135 - 137 at ¶¶ 7 – 8, 10, 13, 19 – 21, 24, 26 – 29, 33 – 34, 43, and 59).
[4] (*See id.* at PageID 136 at ¶ 31).

body and tapping her back and telling her she had a "resting bitch face";[5] and providing her an evaluation during her ICU rotation that she disagreed with.[6] Plaintiff does not identify the individuals she had problems with or caused her harm; instead, she asserts that JPS, a governmental entity and county hospital, did the act/allegation at issue. For example, she states that that "JPS said" or "JPS physically touched" etc. (*See id.* at PageID 134 – 137 at ¶¶ 1 – 57).

TCOM provided her with a failing grade for her ICU rotation and initiated dismissal proceedings in October 2024. (*Id.* at PageID 132 – 134 at ¶¶ 36 – 63). Plaintiff was involuntarily dismissed as TCOM medical student after meeting with TCOM official(s) on three separate occasions in October 2024 (specifically, October 11, 18, and 31, 2024). (*See id.*). Plaintiff was told that she given a "thorough evaluation" and a "comprehensive review" by TCOM officials. (*See id.* at PageID 133 at ¶¶ 40 – 41). Plaintiff alleges that "intentional malicious actions toward her caused her to lose her spot in medical school." (*See id.* at PageID 138). She further alleges she experienced discrimination and that she was "treated less than students considered Diversity, Equity, Inclusion (no MCAT required for admission, child of prior illegal immigrants; Muslims . . ." (*See id.*).

Plaintiff named Dr. Karen Duncan as a Defendant in order to serve JPS. (*See id.*). Plaintiff makes no direct allegations against Dr. Duncan. (*See id.*).

Plaintiff alleges that she is seeking $317,000,000 for personal injury, $1,000,000 for mental distress, $1,000,000 "for the loss of 6 years as a young woman as well as lost wages of $63,000,0000 for a specialized surgeon", $381,000,000 for punitive damages, and $1,000,000 for each claim of discrimination she allegedly endured based on her "protected characteristics which made medical school difficult to progress in." (*See id.* at PageID 138).

---

[5] (*See id.* at PageID 135 at ¶¶ 16 and 19).
[6] (*See id.* at PageID 136 – 137 at ¶¶ 46 – 58).

Plaintiff originally sued TCOM and JPS along with several other defendants. However, as the Court noted in its August 12, 2025 Order, Plaintiff now appears to assert claims against JPS and TCOM. (ECF No. 11). The Court ordered Plaintiff to file a Second Amended Complaint and required her to "specify each Defendant that she is suing . . . and indicate what claim(s) she is asserting against each Defendant." (*Id.*).

**B.      Federal Rule of Civil Procedure 12(b) Grounds for Dismissal**

Under Rule 12(b)(6), the above-styled action against Plaintiff's claims against the JPS Defendants should be dismissed on the following grounds:

(1)    Plaintiff has not alleged any claims or allegations related to Dr. Duncan and merely included her in the Complaint so that she could serve JPS with the Complaint.

(2)    Plaintiff has failed to assert a constitutional claim against JPS. Plaintiff's alleged facts do not establish a constitutional violation occurred. Plaintiff does not specify which constitutional amendments or rights, JPS allegedly violated. Additionally, Plaintiff failed to state a municipal liability claim under *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 98 S. Ct. 2018 (1978).

(3)    To the extent Plaintiff is alleging cause of actions under Texas law against JPS, such claims should also be dismissed because Plaintiff has not properly plead facts that would waive JPS's governmental immunity or alternatively, the Court should decline supplemental jurisdiction in the event it dismisses Plaintiff's federal claims.

### III.  BRIEF OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

**A.      Standards for Rule 12(b)(6) Motions**

The federal pleadings standards are well settled. *See, e.g., Harmon v. City of Arlington, Tex.*, 478 F. Supp. 3d 561, 567 (2020) (O'Connor, J.). Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. "When there are well-pleaded factual allegations, [the] [C]ourt should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

**B.   Plaintiff has not alleged any claims against Dr. Duncan**

Plaintiff has failed to state a claim against Dr. Duncan. Plaintiff makes no factual allegations regarding Dr. Duncan and only included her as a Defendant in order to serve JPS with her Second Amended Complaint. (*See* ECF No. 14 at PageID 138). Because Plaintiff failed to

plead factual allegations against Dr. Duncan that would allow the court to draw a reasonable inference that she is liable for any misconduct, Dr. Duncan should be dismissed from this case. *See Iqbal*, 556 U.S. at 678.

### C. Standards for Section 1983 Municipal Liability

Section 1983 is the mechanism by which a plaintiff asserts alleged violation of a constitutional right. Section 1983 provides a claim against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another's constitutional rights. 42 U.S.C. § 1983. Importantly, section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a section 1983 claim, a plaintiff must allege facts that show that she has been deprived of a right secured by the Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

JPS is a governmental entity. *See Stern v. Tarrant Cnty. Hosp. Dist.*, 565 F. Supp. 1440, 1452 (N.D. Tex. 1983) ("John Peter Smith Hospital is and was at all times pertinent to this litigation a public, tax-supported hospital owned and operated by the Tarrant County Hospital District, a political subdivision of the State of Texas."), *rev'd on other grounds*, 778 F.2d 1052 (5th Cir. 1985).[7] The standard for suing a local government under section 1983 is rigorous. In particular, *respondeat superior* liability is absolutely prohibited. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 691(1978). In other words, a local government cannot be held liable merely because its employees allegedly violate the Constitution. *See Piotrowski v. City of*

---

[7] JPS was created in 1959 pursuant to article IX, section 4 of the Texas Constitution and former article 4494n of the Revised Civil Statutes, which is now codified as Chapter 281 (Hospital Districts in Counties of at Least 190,000) of the Texas Health and Safety Code. *See Tarrant Cnty. Hosp. Dist. v. Dowdy*, 2022 WL 714697, at *5 at n. 7 (Tex. App.—Fort Worth Mar. 10, 2022, pet. denied).

*Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Rather, proof of municipal liability requires "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Each of these elements is critical to a successful claim. *Piotrowski*, 237 F.3d at 578.

"Allegations of an isolated incident are not sufficient." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). Moreover, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997).

### D.  Plaintiff has not stated a Section 1983 claim against JPS

To the extent Plaintiff attempts to assert a constitutional violation against JPS, such claims should be dismissed because (1) Plaintiff's complaint is devoid of any factual allegations demonstrating a constitutional violation and (2) Plaintiff has failed to state a municipal liability claim under *Monell*.

#### 1.  Plaintiff has not pleaded an underlying constitutional violation

A critical flaw in Plaintiff's complaint is that it lacks any allegations of an underlying constitutional violation. Plaintiff alleges that the Court's jurisdiction over this suit is federal question; specifically, "an amendment to the Constitution of the United States." (*See id.* at PageID 130). However, Plaintiff does not describe or discuss how JPS violated her constitutional rights, nor does she identify which constitutional right was violated or what constitutional amendment JPS allegedly violated.

Plaintiff conclusory asserts in her "Relief Demanded" section of her Second Amended Complaint that she endured discrimination and that she allegedly was "treated less than students

considered Diversity, Equity, Inclusion (no MCAT required for admission, child of prior illegal immigrants; Muslims . . ." (*See* ECF No. 14 at PageID 138). Yet, Plaintiff's Second Amended Complaint is devoid of any facts establishing that JPS discriminated against her or treated her differently than other similarly situated individuals based on race, sex, color, or national origin and engaged in discriminatory intent. Rather, the facts alleged demonstrate any issues JPS or its personnel had with Plaintiff had to do with her performance and professionalism (including her attendance, medical knowledge, work ethic, aptitude, and attitude). (*See id.* at PageID 135 – 137 at ¶¶ 7 – 8, 10, 13, 19 – 21, 24, 26 – 29, 33 – 34, 43, and 59).

### 2. Plaintiff has failed to plead a municipal liability claim under *Monell*

But even had Plaintiff pleaded any allegations about specific individuals that establish a violation of an alleged constitutional right, (which she did not), such claims could only have been brought against JPS under the rubric of *Monell*. Because Plaintiff failed to plead any of *Monell's* three elements, Plaintiff's *Monell* claims should be dismissed. *See Pineda*, 291 F.3d at 328; *Piotrowski*, 237 F.3d at 578.

Plaintiff failed to plead a policy or custom. (ECF No. 9, ¶¶ 31 – 97). "The policy or custom prong can be pleaded in two ways. "First, a plaintiff may point to a policy statement formally announced by an official policymaker." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168 (5th Cir. 2010). Alternatively, a plaintiff can offer evidence of a "persistent widespread practice of [county] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id*. at 169. Such "[a] pattern is tantamount to official policy." *Peterson v. City of Fort Worth*, 588 F.3d 838, 850 (5th Cir. 2009).

Here, Plaintiff did not plead any specific facts to support a policy or custom under either of the two ways *Zarnow* describes. *See Zarnow*, 614 F.3d at 168. Having failed to plead a specific policy or custom and its relationship to an underlying constitutional violation, Plaintiff's conclusory allegations—devoid of specific facts—do not state a claim under *Monell*.

Plaintiff's *Monell* claim also fails because she did not satisfy the policymaker prong. For one thing, because Plaintiff did not identify a custom or practice, she, *ipso facto*, did not state that a policymaker promulgated an unconstitutional custom or practice. Additionally, Plaintiff otherwise failed to identify a specific policy maker possessing both policy-making authority and actual or constructive knowledge of the alleged custom.

Finally, the Court should dismiss Plaintiff's claims based on her failure to plead that the custom or policy in question was the moving force behind an underlying constitutional violation. For a municipal custom to be found as the "moving force" behind a constitutional deprivation, there first "must be a direct causal link between the municipal policy [or custom] and the constitutional deprivation." *Piotrowski*, 237 F.3d at 580. This causal link between custom and constitutional violation "must be more than a mere 'but for' coupling between cause and effect." *Fraire*, 957 F.2d at 1281. The Fifth Circuit has emphasized that this requirement "must not be diluted, for where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability." *Piotrowski*, 237 F.3d at 580.

In Plaintiff's Second Amended Complaint, there is no causal link between her alleged injuries and any alleged unconstitutional custom or policy. *See Okla. City v. Tuttle*, 471 U.S. 808, 823 (1985) ("[A] "direct causal connection must exist between the policy and the alleged constitutional deprivation. This connection must be more than a mere "but for" coupling between cause and effect.").

In sum, Plaintiff fails to allege sufficient facts to support § 1983 municipal liability claim. Accordingly, this Court should dismiss Plaintiff's alleged constitutional claims against JPS.

E. **To the extent Plaintiff has attempted to assert a state law causes of action, the Court should either dismiss said claims or decline to exercise supplemental jurisdiction.**

Plaintiff does not specifically assert that she is pleading a cause of action under Texas law; however, assuming *arguendo*, that she is asserting such a claim, Plaintiff has not properly pled a state law claim against JPS. JPS, as a political subdivision of the State of Texas, has governmental immunity from any state law claims unless that immunity has been waived by statute. *Tarrant Cnty Hosp. Dist. v. Ray*, 712 S.W.2d 271, 274 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e). JPS is immune from suit for torts unless a claim falls within the Texas Tort Claims Act's waiver of immunity provided in TEX. CIV. PRAC. & REM. CODE § 101.021. *Perez v. Webb County*, 511 S.W.3d 233, 235 (Tex. App.—San Antonio 2015, pet. den.); *Brown v. City of Houston*, 8 S.W.3d 331, 333 (Tex. App.—Waco 1999, pet. denied). When filing a suit for damages against a governmental entity, the plaintiff must affirmatively plead and prove the court's jurisdiction to hear the lawsuit under the Tort Claims Act. *Donohue v. Butts*, 516 S.W.3d 578, 581 (Tex. App.—San Antonio 2017, no pet.). In the Tort Claims Act, the Legislature has expressly waived the state's immunity in three areas: (1) use of publicly owned automobiles; (2) injuries arising out of a condition or use of tangible personal property; and (3) premises defects. *See* TEX. CIV. PRAC. & REM. CODE § 101.021.

Here, Plaintiff's Complaint has not alleged a waiver of immunity, nor has she alleged facts supporting a claim under the areas of which immunity has been waived. Plaintiff characterizes the "intentional malicious actions" that "caused [her] to lose her spot in medical school" as retaliation, defamation, harassment, assault, sexual assault, sexual harassment, fraud/misrepresentation, and tortious interference. (*See id.* at PageID 138). These are not claims for which immunity has been

waived because these would constitute intentional torts and/or do not involve the condition or negligent use of tangible personal property. *See* TEX. CIV. PRAC. & REM. CODE §§101.021 and 101.057(2) ("this chapter does not apply to a claim arising out of . . . battery . . . or any other intentional tort. . ."); *Rojero v. El Paso Cnty.*, 226 F. Supp. 3d 768, 775 (W.D. Tex. 2016)("The [Texas Tort Claims Act] provides only limited situations in which a governmental entity may waive its sovereign immunity under Texas law. Section 101.057(2) of the [Texas Tort Claims Act] provides that the waiver of immunity does not apply to a claim arising out of any intentional tort.")(citing Tex. Civ. Prac. & Rem. Code §§ 101.021, 101.057(2)). Nor does Plaintiff allege that she was injured by a condition or the negligent use of tangible personal property.

As such, to the extent, Plaintiff attempts to assert a state law cause of action against JPS, such claims should be dismissed, or in the event the court dismisses Plaintiff's federal law claims, the Court should exercise its discretion and decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *See Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 455 (5th Cir. 2001).

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff is not entitled to relief or recovery, and all claims as to the Tarrant County Hospital District d/b/a John Peter Smith Hospital should be dismissed.

Respectfully submitted,

*/s/ Roel J. Fabela*
**ROEL J. "JOEY" FABELA**
Assistant Criminal District Attorney
State Bar No. 24069691

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

1350 S. Main Street, Suite 1350
Fort Worth, Texas 76104
817-321-4841 – Telephone

817-850-2327 – Facsimile
E-Mail: rjfabela@tarrantcountytx.gov

**ATTORNEY FOR DEFENDANT
DEFENDANT TARRANT
COUNTY HOSPITAL DISTRICT D/B/A JPS
HEALTH NETWORK**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served upon all parties in this suit in accordance with the provisions of Rule 5, FED. R. CIV. P., on September, 8th, 2025.

Anila Chintagunta
2106 Meadow Parkway North
3570 Whitney Drive
Frisco, TX 75034
469-815-3365
Email: chintaguntaanila@gmail.com

*Via Certified Mail, First-Class Mail and E-mail*
chintaguntaanila@gmail.com

*/s/ Roel J. Fabela*
**ROEL J. "JOEY" FABELA**