IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION
TO THE HONORABLE JUDGE JEFFREY L. CURETON:

| | |
|---|---|
| ANILA CHINTAGUNTA, §<br>§<br>Plaintiff §<br>§<br>v. §<br>§<br>§<br>JOHN PETER SMITH §<br>§<br>HOSPITAL, ET AL. §<br>§<br>Defendants § | CIVIL NO. 4:25-CV-00806 |

**Plaintiff Anila Chintagunta's Opposition to Defendant's Motion to Dismiss**

TO THE HONORABLE JUDGE JEFFREY L. CURETON:

I, Plaintiff Anila Chintagunta, oppose the *Motion to Dismiss* filed by Defendants JPS Hospital, JPS Hospital CEO Karen Duncan, and Attorney Roel Joey Fabela (Document 16). I hereby request the United States Federal District Court for the Northern District of Texas to continue my case (Case 4:25-cv-00806-P-BJ).

**Answer to Document 16, Part I:**

1. My claim is clearly stated in the Second Amended Complaint (Document 14).

2. My Second Amended Complaint (Document 14) follows the Federal Rules of Civil Procedure (FROCP), Rule 4 and the Judge's Order (Document 11) to serve a copy of the summons and complaint and list the reason for each defendant, respectively. After speaking to JPS Hospital's Legal Team twice, JPS informed me that CEO Karen Duncan is the hospital's registered agent.

3. Defendant says that I did not "state section 1983 claim… [or] facts describing how JPS violated [my] constitutional rights… [or] plead *Monell* Elements." However, I followed the FRoCP for the Federal District Court. The Federal Court Judge's Order for my second amended complaint (Document 11) emphasize that it be "unadorned" without "legal conclusions."

4. Defendant says that I did "not properly plead facts that would waive governmental immunity," but my Second Amended Complaint (Document 14) clearly outlines actions done to me that violate my constitutional rights which involve federal questions, making it a case admissible to Federal Court. The defendant made a lengthy statement which did not deny any of the statements written in my second amended complaint (Document 14).

**Answer to Document 16, Part II, (A):**

1. False Allegations like "professionalism issues, and failing to get along" were stated though I maintained it professionally and JPS caused me the issues written in my Statement of Claim (Document 14).

2. Defendant said that I had "problems with JPS or the individuals [I] interacted with at JPS," acknowledging that an institution is the same as people within the institution. I signed up for the ICU elective at JPS, not an elective with specific individuals. Therefore, statements that I did "not identify the individuals [I] had problems with" is not a reason to dismiss the case.

3. Ultimately, defendant acknowledges that I "named Karen Duncan as a defendant in order to serve JPS."

**Answer to Document 16, Part II, (B):**

1. For Part (1), the request for dismissal of my case should not be upheld, since the defendant acknowledges that Karen Duncan was mentioned to "serve JPS with the complaint" after writing that she has no allegations. This follows the FRoCP and the Federal Court Judge's Order (Document 11).

2. For Part (2), Monell is not mentioned in the FRoCP or the LRoCP (Local Rules of Civil Procedure). However, a federal question makes a case admissible for federal court. No legal arguments were made in my second amended complaint (Document 14) as required the FRoCP and emphasized in my second amended complaint instructions (Document 11)

3. For Part (3), I am not pleading under state law. I filed a civil complaint in federal court.

**Answer to Document 16, Part III, (A):**

1. Quotes from numerous lawsuits are stated, but I pleaded Factual Content without legal arguments in alignment with the FRoCP.

**Answer to Document 16, Part III, (B):**

1. Defendant states that Karen Duncan is listed for the summons, and then states that there are no allegations for her. This was the purpose of including Karen Duncan.

**Answer to Document 16, Part III, (C):**

1. I stated facts that prove my constitutional rights were violated. No legal arguments or allegations have been made in my second amended complaint (Document 14) as required by the FRoCP.

**Answer to Document 16, Part III, (D):**

1. Defendant says that my complaint is "devoid of any factual allegations" but my second amended complaint (Document 14) states only facts about events that occurred.
2. Claims I "failed to state municipal liability" but I stated the basis for Jurisdiction in my second amended complaint (Document 14).

**Answer to Document 16, Part III, (E):**

1. I followed the FRoCP Rule J to serve a copy of the complaint and summons to the CEO.

**Answer to Document 16, Part IV:**

1. Defendant claims that I am "not entitled to relief or recovery," but I clearly explained the grounds for my relief. I request the Honorable Judge to not dismiss my case so that in the event of trial, I may present evidence of the acts committed against me in court.

2. Defendant wrote "2106 Meadow Parkway North" above my address and under my name, but this is not my address.

Sincerely,

SIGNED September 29th, 2025.

Anila Chintagunta, Plaintiff

PRO SE

3570 Whitney Drive

Frisco, TX, 75034

469-815-3365

chintaguntaanila@gmail.com