UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ANILA CHINTAGUNTA,**

　Plaintiff,

v.  　　　　　　　　　　　　　　　　　No. 4:25-cv-806-P

**JOHN PETER SMITH HOSPITAL,**
**ET AL.,**

　Defendants.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On November 18, 2025, the United States Magistrate Judge issued an Amended Findings, Conclusions, and Recommendation ("FCR") in this case. ECF No. 34. The FCR recommended the Court dismiss the present action against Defendants Tarrant County Hospital d/b/a John Peter Smith Hospital ("JPS"), Karen Duncan, University of North Texas Health Science Center—Texas College of Osteopathic Medicine ("UNTHSC-TCOM"), Ken Paxton, and Lisa Nash. *Id.* The Court accordingly conducted a *de novo* review of the FCR. As detailed below, the Court will **DISMISS** all claims, **ADOPT** the reasoning in the Magistrate Judge's FCR, and **OVERRULE** Plaintiff's Objections.

### BACKGROUND

This case arises from Plaintiff Anila Chintagunta's involuntary dismissal from medical school. As a result of this dismissal, Plaintiff filed the present action against various defendants alleging constitutional violations. Following Plaintiff's third attempt at a complaint, the Magistrate Judge issued the recommendation to dismiss claims against the above Defendants.

## LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendation or findings, in whole or in part. *Id.*

## ANALYSIS

### A. Karen Duncan and Ken Paxton

Regarding the dismissal of claims against Defendants Karen Duncan and Ken Paxton, Plaintiff does not object. *See* ECF No. 36 at 1. The Court reviews any unobjected-to findings, conclusions, and recommendations for plain error. The Court has thoroughly examined the record and the unobjected-to portion of the FCR for plain error. Having found none, the Court expressly accepts and adopts the portion of the Magistrate Judge's FCR regarding the claims against Duncan and Paxton.

### B. John Peter Smith Hospital

Plaintiff objects that the claims were dismissed "for lack of subject-matter jurisdiction." ECF No. 36 at 2. However, the Magistrate Judge recommended dismissal for failure to state a claim. ECF No. 34 at 11. Nevertheless, the Court will construe this objection as one on the merits of the failure to state claim argument. Considering these objections, the Court has conducted a *de novo* review of the FCR and the record of this case.

Plaintiff's objection does not dispute that the Second Amended Complaint was deficient for failing to lay out sufficient facts to satisfy the *Monell* elements. Instead, Plaintiff attempts to overcome dismissal by now providing specific facts. ECF No. 36 at 2. However, as the Fifth Circuit has consistently held, facts or legal arguments raised for the first time in objections to a magistrate judge's findings, conclusions, and recommendations are "not properly before the district court." *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024). Plaintiff's claims against JPS were recommended to be dismissed for

doing just that: raising factual and legal arguments for the first time in response to the motion to dismiss. *See* ECF No. 34 at 10–11. But once again, under Rule 12(b)(6), "the court considers, of course, only the allegations in the complaint." *Sw. Bell Tel., L.P. v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008).

To state a claim against a local government entity under *Monell*, Plaintiff's Second Amended Complaint must contain allegations of "(1) an official policy (or custom), of which (2) a [policymaker] can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Plaintiff's Second Amended Complaint failed to allege a policymaker, an official policy or custom, and the moving force of any policy. *See* ECF No. 14. Plaintiff's attempt to overcome this pleading deficiency by now alleging new facts fails to cure this deficiency, as those facts are not properly before the Court.

To the extent that Plaintiff objects that Section 5 of the Fourteenth Amendment overrides sovereign immunity, and for the first time, raises an Equal Protection Clause argument, it similarly fails. Arguments not raised before a magistrate judge are considered forfeited. *Stanley v. Morgan*, 120 F.4th 467, 470 n.2 (5th Cir. 2024). Nevertheless, the argument misses the mark. The Magistrate Judge did not recommend dismissal of the claims against JPS on sovereign immunity grounds; instead, the Magistrate Judge recommended dismissal for failure to state a claim. ECF No. 34 at 11. Plaintiff's Second Amended Complaint is entirely devoid of any factual allegations that would give rise to a *Monell* claim and consequently fails to state a plausible claim for relief.

Thus, having conducted a *de novo* review, the Court expressly accepts and adopts the portion of the Magistrate Judge's FCR regarding the claim against JPS.

### C. UNTHSC-TCOM

Plaintiff objects to the dismissal of the claim against UNTHSC-TCOM on the grounds that Congress has abrogated the state's sovereign immunity. ECF No. 36 at 7. UNTHSC-TCOM is a state agency and thus is entitled to sovereign immunity unless "the state consents to suit or

3

Congress has clearly and validly abrogated the state's sovereign immunity." *U.S. Oil Recovery Site v. R.R. Comm'n of Tex.*, 898 F.3d 497, 501 (5th Cir. 2018) (quoting *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002)). Plaintiff fails to allege any waiver of state sovereign immunity, so the only possible ground is through abrogation.

The Supreme Court has made clear that Congress did not unequivocally express an intent to abrogate states' sovereign immunity when enacting § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Because UNTHSC-TCOM is a state agency, and Congress has not waived sovereign immunity under § 1983, Plaintiff's objection is overruled. The Court expressly accepts and adopts the portion of the Magistrate Judge's FCR regarding the claim against UNTHSC-TCOM.

### D. Lisa Nash

Regarding the claim against Nash, Plaintiff claims not to object to the merits of the dismissal, but rather, to the specific wording used by the Magistrate Judge. ECF No. 36 at 7. Nevertheless, Plaintiff appears to then object to the conclusion that Nash is entitled to sovereign immunity. ECF No. 36 at 7–8. Next, Plaintiff seemingly conflates her claim against Nash with that against UNTHSC-TCOM and concludes that she was not afforded an opportunity to meaningfully dispute the dismissal. ECF No. 36 at 8. As to the last argument, the Court notes that this very objection provides a meaningful opportunity to contest the dismissal of her claim, and Plaintiff did so in her Objection to the FCR.

Regardless of the convoluted objection, the Court conducted a *de novo* review of the Magistrate Judge's findings, conclusions, and recommendations.

The Eleventh Amendment applies equally to the state and to state employees sued in their official capacity for damages because the claim remains one against the state treasury. *Stem v. Ahearn*, 908 F.2d 1, 3 (5th Cir. 1990). Consequently, the same basis for dismissal on sovereign immunity applies equally to both UNTHSC-TCOM and Nash in her official capacity. As previously discussed, the State has not waived immunity, and Congress has not abrogated immunity through § 1983.

4

Thus, the Court expressly accepts and adopts the portion of the Magistrate Judge's FCR regarding the claim against Lisa Nash.

### E. Further Amendment Would Be Futile

Last, Plaintiff simply objects to the finding "that further amendment to my complaint would be futile." ECF No. 36 at 8. The Magistrate Judge noted that "Plaintiff has had the opportunity to file a total of three complaints" and found that "Chintagunta has alleged her best case and further amendment would be futile." ECF No. 34 at 14 n.15.

The action of a court granting leave to amend "is in no way automatic." *Body by Cook, Inc. v. State Farm Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017). This is because district courts are "entrusted with the discretion to grant or deny a motion to amend and may consider . . . repeated failures to cure deficiencies by amendments previously allowed." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). Here, as the Magistrate Judge notes, Plaintiff was afforded every opportunity to plead her best case, and the Court is unpersuaded by the single-sentence objection that the issues inherent in the prior complaints would be remedied by further amendment.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's Findings, Conclusions, and Recommendations, and Defendant's Objections, both Motions to Dismiss are **GRANTED**, and the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR and **OVERRULES** Plaintiff's Objections.

Accordingly, all of Plaintiff's claims against the remaining Defendants are hereby **DISMISSED without prejudice.**

**SO ORDERED** on this **19th day of February 2026.**

_/s/ Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE